## JOHN D. AGNEW
## v.
## CAROLINE LICHTEN ET AL.

1. CHANCERY—ASSIGNMENT OF DOWER.—The decree awarding the widow the possession of the premises set off by the commissioners, etc., was properly passed and recorded, and it was not essential to its validity that it should be signed by the judge.

2. CHANCERY PRACTICE.—Where the court had jurisdiction of the subject-matter and of the person of appellant, the decree can not be attacked in a collateral proceeding for mere errors that may have occurred upon the hearing or in the decree.

APPEAL from the Circuit Court of Monroe county; the Hon. WM. H. SYNDER, Judge, presiding. Opinion filed June 12, 1886.

In 1883 the appellee, then Fultz, as widow of Jacob Fultz, Sr., and some of the heirs of said Jacob Fultz, filed their bill in the Monroe Circuit Court to partition the lands of which he died seized and to assign dower and homestead to said appellee, making the other heirs and the appellant and some other tenants parties defendant. Summons was issued and served upon all the defendants, and such proceedings were had that the bill, so far as it proceeded for a partition of the lands, was dismissed, and commissioners were appointed to assign dower and homestead to said Caroline. The commissioners reported such assignment which was approved by the court, and a decree entered of record awarding her the possession of the premises so set off to her and requiring any of the parties to the suit who were in possession of the premises thus assigned to deliver such possession to her upon

written notice so to do, and in default of their so doing that a writ of possession issue to the sheriff requiring him to put the appellee, Caroline, in possession of the lands. The appellant was in possession of some of the lands thus assigned to her and refused to surrender the possession upon notice, and a writ of possession was issued and placed in the hands of the sheriff for execution, and he thereupon filed the present bill to enjoin the proceedings under such writ, making the said Caroline and the sheriff parties defendant. Upon hearing, the bill was dismissed, and the record removed into this court by appeal.

Messrs. RICKERT & MICHAU, for appellant.

Mr. WM. WINKELMAN, for appellee.

PILLSBURY, P. J. The argument of counsel for a reversal of this decree seems to be based solely upon what is claimed to be errors in the original proceeding for the assignment of dower and homestead. It is suggested that the decree was not signed by the judge passing it and that it was surreptitiously placed upon the record without any order of court. There is nothing in the record tending to show that the decree was not properly passed and recorded, and it not being essential to its validity that it should be signed by the judge (Dunning v. Dunning, 37 Ill. 306), the point urged can not be sustained.

There is nothing in the position assumed that the writ of possession was a nullity, because the decree did not provide for the service upon the defendant of a copy of the decree instead of a written notice. The court could have ordered under the statute that the writ issue at once without the service of notice or copy of the decree upon the defendant, and he has no cause of complaint in the regard complained of. It is clear the court had jurisdiction of the subject-matter and of the person of appellant, and the principle is well settled that in such case the decree can not be attacked in a collateral proceeding for mere errors that may have occurred upon the

hearing or in the decree. We see no error in the decree and
it will be affirmed.

Decree affirmed.